IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANNA MAE MOYER,                          : Civil No. 1:25-CV-1338
                                         :
   Plaintiff,                            :
                                         :
      v.                                 :
                                         : (Chief Magistrate Judge Bloom)
FRANK BISIGNANO,                         :
Commissioner of Social Security,         :
                                         :
   Defendant.                            :

## MEMORANDUM OPINION

## I.    Introduction

Anna Mae Moyer filed an application under Title II of the Social Security Act for disability and disability insurance benefits on December 1, 2023.[1]  Following a hearing before an Administrative Law Judge ("ALJ"), the ALJ found that Moyer was not disabled from her alleged onset date of December 21, 2018, through March 19, 2025, the date of the ALJ's decision.[2]

Moyer now appeals this decision, arguing that the ALJ's decision is not supported by substantial evidence.[3]  After a review of the record, and

---

[1] Tr. 46.
[2] Tr. 62.
[3] Docs. 1, 11.

mindful of the fact that substantial evidence "means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,'"[4] we conclude that substantial evidence supports the ALJ's findings in this case.  Therefore, we will affirm the decision of the Commissioner denying this claim.

## II.    Statement of Facts and of the Case

Moyer filed for disability and disability insurance benefits, alleging disability due to disorders of the skeletal spine, depression, bipolar disorder, and other related disorders.[5]  Moyer was 23 years old at the time of her alleged onset of disability, had at least a high school education, and had no past relevant work.[6] [7]

---

[4] *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

[5] Tr. 214.

[6] Tr. 60, 214.

[7] Moyer did not outline the pertinent medical/vocational evidence of record in her brief as required by local rules.  (*See* M.D. Pa. L.R. 83.40.4(a)).  We will therefore forego recitation of the administrative record, except to say that the record contains medical records and medical opinion evidence, which the ALJ found supported the existence of ten severe impairments and nine non-severe but medically determinable impairments.  (Tr. 49).

An ALJ held a hearing on Moyer's disability application on January 27, 2025.[8]  Moyer and a Vocational Expert both appeared and testified at this hearing.[9]  Following this hearing, on March 19, 2025, the ALJ issued a decision denying Moyer's application for disability benefits.[10]  The ALJ first concluded that Moyer had not engaged in substantial gainful activity during the period between her alleged onset date of December 21, 2018, and her date last insured of June 30, 2021.[11]  At Step 2 of the sequential analysis that governs disability claims, the ALJ found Moyer suffered from the severe impairments of: degenerative disc disease of the lumbar spine with lower extremity radiculopathy, kyphosis of the spine, migraine variants, tension headaches, tachycardia, depressive disorder, post-traumatic stress disorder ("PTSD"), adjustment disorder with depressed mood, attention deficit hyperactivity disorder ("ADHD"), and insomnia.[12]  At Step 3, the ALJ concluded that none of these impairments

---

[8] Tr. 180-213.
[9] *Id.*
[10] Tr. 45-62.
[11] Tr. 48.
[12] Tr. 49.

3

met or equaled the severity of a listed impairment under the Commissioner's regulations.[13]

Between Steps 3 and 4, the ALJ then concluded that Moyer:

[H]ad the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant is limited to occupations that require no more than occasional postural maneuvers, such as stooping, or kneeling, crouching, or crawling and climbing on ramps and stairs but must avoid occupations that require climbing on ladders, ropes and scaffolds. The claimant is limited to occupations that require no more than frequent balancing. The claimant is limited to occupations that require no more than occasional pushing or pulling with the lower extremities to include the operation of pedals. The claimant must avoid concentrated prolonged exposure to vibration. The claimant must avoid exposure to occupations that present noise levels above level 3 (which is moderate). The claimant is limited to occupations that require the claimant to understand, remember and carry out simple instructions, and make simple work-related decisions. The claimant is limited to occupations that require the claimant to deal with occasional changes in a routine work setting. The claimant is limited to occupations which require no more than occasional interaction with members of the general public and no more than frequent interaction with supervisors and coworkers.[14]

In reaching this residual functional capacity ("RFC") determination, the ALJ considered the objective medical record, the

---

[13] Tr. 50-53.
[14] Tr. 53.

medical opinion evidence, and Moyer's reported symptoms. With respect to the medical opinion evidence, the ALJ considered the opinions of Drs. Ruth Myers Arnold and Toni Jo Parmalee and found them unpersuasive.[15] These opinions found that there was insufficient evidence to evaluate Moyer's claim.[16] The ALJ found these opinions were not supported by the medical records, including diagnostic testing and clinical findings, and were inconsistent with the treatment Moyer received.[17]

The ALJ was also unpersuaded by two state agency mental assessments, made by Drs. Virginia Martin and Monica Wood, which found insufficient evidence to make a determination on Moyer's mental health.[18] The ALJ found that the medical records, which included detailed mental status findings and records of outpatient therapy services, were sufficient to make an RFC determination.[19]

---

[15] Tr. 58.
[16] Tr. 216, 223.
[17] Tr. 58.
[18] Tr. 58.
[19] Tr. 59.

The ALJ considered a letter from Licensed Clinical Social Worker Jessica Lowe, in which Lowe opined that Moyer needed a service dog to mitigate her disability.[20]  The ALJ found that opinion unpersuasive as it was not supported by objective findings, and was inconsistent with clinical records showing Moyer's mental health was generally within normal limits.[21]  The ALJ also noted that a determination of disability is reserved to the Commissioner.[22]

The ALJ next considered the opinion of Dr. Donald Dubrek, who opined that Moyer's migraines became physically and mentally debilitating and caused blurry vision affecting her functioning.[23]  The ALJ found Dr. Dubrek's opinion unpersuasive, as the references to functionality were "vague and ill-defined in vocational terms" and were based on subjective reports from Moyer rather than objective evidence, and because this opinion was generally inconsistent with objective clinical and diagnostic findings in the record.[24]

---

[20] *Id.*
[21] *Id.*
[22] *Id.*
[23] Tr. 59.
[24] *Id.*

The ALJ found the opinion of Certified Family Nurse Practitioner Melanie Truesdell to be partially persuasive.[25]  Truesdell opined that Moyer would not be able to perform the very heavy physical tasks of the occupation of wheeled vehicle repairer.[26]  The ALJ found that opinion was supported by references to Moyer's lumbar disease, which would prevent the heavy lifting and carrying needed in that occupation.[27]  However, the ALJ concluded this opinion was not a full functionality explanation nor an assessment of RFC, and noted that the limitations observed by Truesdell were not in conflict with the RFC the ALJ had provided.[28]

Finally, the ALJ considered a form from the Pennsylvania Department of Welfare, filled out by Dr. Shireen Parveen, indicating Moyer is permanently disabled.[29]  The ALJ was not persuaded by this opinion, noting that a finding of disability is reserved for the Commissioner, and that the opinion was not supported by any actual findings by Dr. Parveen but rather relied on a determination from the

---

[25] Tr. 59
[26] *Id.*
[27] *Id.*
[28] *Id.*
[29] Tr. 59.

7

Department of Veterans Affairs ("VA"), which is not binding on the Social Security Administration.[30]  Further, the ALJ concluded the opinion was inconsistent with the objective medical record.[31]

With respect to Moyer's symptoms, the ALJ found that Moyer's statements concerning the intensity, persistence, and limiting effects of her impairments were not entirely consistent with the medical evidence.[32]  The plaintiff testified that she could only stand for 15 minutes before her left ankle would bother her, could only sit for 30 minutes before her back and hip began to hurt, and could only lift about a gallon of water.[33]  She also testified that she used a cane to help her avoid falls (which had become common for her), and relied on a service dog.[34]  She testified about her struggles with migraines and the process of getting VA treatment for them, and how she had been discharged from military service because her lower back injury made her unable to carry

---

[30] *Id.*
[31] *Id.*
[32] Tr. 54.
[33] Tr. 190-91.
[34] Tr. 191-93.

her gear and weapon.[35]  She also detailed  her medication regimen, which involved as many as 16 prescriptions.[36]

The ALJ ultimately found Moyer's testimony to be inconsistent with the objective clinical findings.[37]  The ALJ recounted the objective evidence during the alleged disability period, including, *inter alia*, evidence that Moyer's tachycardia and tension headaches did not impede her military duties, records showing medication was effective in treating tachycardia, a lack of neural impingement in her spine, and examinations showing full strength in the lower extremities.[38]  The ALJ also noted evidence that Moyer's low back pain, tachycardia, and migraines were "stable," her brain MRIs were unremarkable, she received relief from spinal cord stimulators, and records indicated Moyer's mental impairments did not prevent the execution of her military duties.[39]  Ultimately, the ALJ concluded that Moyer was not as limited as she alleged.

---

[35] Tr. 196-98.
[36] Tr. 202-03.
[37] Tr. 54.
[38] Tr. 54-56.
[39] Tr. 56-57.

Having made these findings, the ALJ found at Step 4 that Moyer had no relevant past work but found at Step 5 that she could perform the occupations of office helper, mail clerk (non-governmental), and marker.[40]   Accordingly, the ALJ found that Moyer had not met the stringent standard prescribed for disability benefits and denied her claim.[41]

This appeal followed.  On appeal, Moyer argues that the ALJ failed to consider Moyer's impairments in combination, failed to properly credit her hearing testimony, and failed to consider the medical records underlying the VA's determination that Moyer was disabled.[42]  This case is fully briefed and is therefore ripe for resolution.  For the reasons set forth below, we will affirm the decision of the Commissioner.

## III.   Discussion

### A.    Substantial Evidence Review – the Role of this Court

This Court's review of the Commissioner's decision to deny benefits is limited to the question of whether the findings of the final decision-

---

[40] Tr. 60.

[41] Tr. 61.

[42] Doc. 11.

maker are supported by substantial evidence in the record.[43]  Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[44]  Substantial evidence means less than a preponderance of the evidence but more than a mere scintilla.[45]

A single piece of evidence is not substantial evidence if the ALJ "ignores, or fails to resolve, a conflict created by countervailing evidence."[46]  However, where there has been an adequately developed factual record, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence."[47]  The court must "scrutinize

---

[43] *See* 42 U.S.C. §405(g); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008); *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012).

[44] *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

[45] *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

[46] *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993) (quoting *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)) (internal quotations omitted).

[47] *Consolo v. Fed. Maritime Comm'n*, 383 U.S. 607, 620 (1966).

the record as a whole" to determine if the decision is supported by substantial evidence.[48]

The Supreme Court has explained the limited scope of our review, noting that "[substantial evidence] means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"[49]  Under this standard, we must look to the existing administrative record to determine if there is "'sufficient evidence' to support the agency's factual determinations."[50]  Thus, the question before us is not whether the claimant is disabled, but rather whether the Commissioner's finding that he or she is not disabled is supported by substantial evidence and was based upon a correct application of the law.[51]

---

[48] *Leslie v. Barnhart*, 304 F. Supp.2d 623, 627 (M.D. Pa. 2003).

[49] *Biestek*, 139 S. Ct. at 1154 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

[50] *Id.*

[51] *See Arnold v. Colvin*, No. 3:12-CV-02417, 2014 WL 940205, at *1 (M.D. Pa. Mar. 11, 2014) ("[I]t has been held that an ALJ's errors of law denote a lack of substantial evidence") (alterations omitted); *Burton v. Schweiker*, 512 F. Supp. 913, 914 (W.D. Pa. 1981) ("The Secretary's determination as to the status of a claim requires the correct application of the law to the facts"); *see also Wright v. Sullivan*, 900 F.2d 675, 678 (3d Cir. 1990) (noting that the scope of review on legal matters is

When conducting this review, we must remain mindful that "we must not substitute our own judgment for that of the fact finder."[52] Thus, we cannot reweigh the evidence. Instead, we must determine whether there is substantial evidence to support the ALJ's findings.  In doing so, we must also determine whether the ALJ's decision meets the burden of articulation necessary to enable judicial review; that is, the ALJ must articulate the reasons for her decision.[53]  This does not require the ALJ to use "magic" words, but rather the ALJ must discuss the evidence and explain the reasoning behind his or her decision with more than just conclusory statements.[54]   Ultimately, the ALJ's decision must be accompanied by "a clear and satisfactory explication of the basis on which it rests."[55]

---

plenary); *Ficca*, 901 F. Supp. 2d at 536 ("[T]he court has plenary review of all legal issues . . . .").

[52] *Zirnsak v. Colvin*, 777 F.3d 607, 611 (3d Cir. 2014) (citing *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005)).

[53] *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 119 (3d Cir. 2000).

[54] *See Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 504 (3d Cir. 2009) (citations omitted).

[55] *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981).

B.   Initial Burdens of Proof, Persuasion, and Articulation for the ALJ

To receive disability benefits under the Social Security Act, a claimant must show that he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months."[56]  This requires a claimant to show a severe physical or mental impairment that precludes him or her from engaging in previous work or "any other substantial gainful work which exists in the national economy."[57]   To receive benefits under Title II of the Social Security Act, a claimant must show that he or she is under retirement age, contributed to the insurance program, and became disabled prior to the date on which he or she was last insured.[58]

---

[56] 42 U.S.C. §423(d)(1)(A); 42 U.S.C. §1382c(a)(3)(A); *see also* 20 C.F.R. §§404.1505(a), 416.905(a).
[57] 42 U.S.C. §423(d)(2)(A); 42 U.S.C. §1382c(a)(3)(B); 20 C.F.R. §§404.1505(a), 416.905(a).
[58] 42 U.S.C. §423(a); 20 C.F.R. §404.131(a).

In making this determination, the ALJ follows a five-step evaluation.[59]  The ALJ must sequentially determine whether the claimant: (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals a listed impairment; (4) is able to do his or her past relevant work; and (5) is able to do any other work, considering his or her age, education, work experience and residual functional capacity ("RFC").[60]

Between Steps 3 and 4, the ALJ must also determine the claimant's residual functional capacity (RFC).  RFC is defined as "that which an individual is still able to do despite the limitations caused by his or her impairment(s)."[61]  In making this assessment, the ALJ must consider all the claimant's medically determinable impairments, including any non-severe impairments identified by the ALJ at step two of his or her analysis.[62]  Our review of the ALJ's determination of the plaintiff's RFC

---

[59] 20 C.F.R. §§404.1520(a), 416.920(a).

[60] 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4).

[61] *Burnett*, 220 F.3d at 121 (citations omitted); *see also* 20 C.F.R. § 404.1545(a)(1).

[62] 20 C.F.R. §§404.1545(a)(2), 416.945(a)(2).

is deferential, and that determination will not be set aside if it is supported by substantial evidence.[63]

The claimant bears the burden at Steps 1 through 4 to show a medically determinable impairment that prevents him or her from engaging in any past relevant work.[64]  If met, the burden then shifts to the Commissioner to show at Step 5 that there are jobs in significant numbers in the national economy that the claimant can perform consistent with the claimant's RFC, age, education, and work experience.[65]

With respect to the RFC determination, courts have followed different paths when considering the impact of medical opinion evidence on this determination.  While some courts emphasize the necessity of medical opinion evidence to craft a claimant's RFC, other courts have taken the approach that "[t]here is no legal requirement that a physician have made the particular findings that an ALJ adopts in the course of

---

[63] *Burns v. Barnhart,* 312 F.3d 113, 129 (3d Cir. 2002).

[64] *Mason*, 994 F.2d at 1064.

[65] 20 C.F.R. §§404.1512(f), 416.912(f); *Mason*, 994 F.2d at 1064.

determining an RFC."[66]  Additionally, in cases that involve no credible

medical opinion evidence, courts have held that "the proposition that an

ALJ must always base [her] RFC on a medical opinion from a physician

is misguided."[67]

Given these differing approaches, we must evaluate the factual

context underlying an ALJ's decision.   Cases that emphasize the

importance of medical opinion support for an RFC assessment typically

arise in the factual setting where well-supported medical sources have

found limitations to support a disability claim, but an ALJ has rejected

the medical opinion based upon an assessment of other evidence.[68] These

cases simply restate the notion that medical opinions are entitled to

careful consideration when making a disability determination.  On the

other hand, when no medical opinion supports a disability finding or

when an ALJ relies upon other evidence to fashion an RFC, courts have

routinely sustained the ALJ's exercise of independent judgment based

---

[66] *Titterington v. Barnhart*, 174 F. App'x 6, 11 (3d Cir. 2006); *see also Biller v. Acting Comm'r of Soc. Sec.,* 962 F. Supp. 2d 761, 778–79 (W.D. Pa. 2013).

[67] *Cummings v. Colvin*, 129 F. Supp. 3d 209, 214–15 (W.D. Pa. 2015).

[68] *Biller*, 962 F. Supp. 2d at 778–79.

17

upon all the facts and evidence.[69]  Ultimately, it is our task to determine, considering the entire record, whether the RFC determination is supported by substantial evidence.[70]

### C.    Legal Benchmarks for the ALJ's Assessment of a Claimant's Alleged Symptoms

When evaluating lay testimony regarding a claimant's reported degree of pain and disability, the ALJ must make credibility determinations.[71]  Our review of those determinations is deferential.[72]  However, it is incumbent upon the ALJ to "specifically identify and explain what evidence [s]he found not credible and why [s]he found it not credible."[73]  An ALJ should give great weight to a claimant's testimony "only when it is supported by competent medical evidence."[74]  As the Third Circuit has noted, while "statements of the individual concerning

---

[69] *See Titterington,* 174 F. App'x 6; *Cummings,* 129 F. Supp. 3d at 214–15.

[70] *Burns,* 312 F.3d 113.

[71] *See Diaz v. Comm'r,* 577 F.3d 500, 506 (3d Cir. 2009).

[72] *Id.*

[73] *Zirnsak v. Colvin,* 777 F.3d 607, 612 (3d Cir. 2014) (citations omitted).

[74] *McKean v. Colvin,* 150 F. Supp. 3d 406, 415–16 (M.D. Pa. 2015) (citations omitted).

his or her symptoms must be carefully considered, the ALJ is not required to credit them."[75]

The Social Security Rulings and Regulations provide a framework for evaluating the severity of a claimant's reported symptoms.[76] Thus, the ALJ must follow a two-step process: first, the ALJ must determine whether a medically determinable impairment could cause the symptoms alleged; and second, the ALJ must evaluate the alleged symptoms considering the entire administrative record.[77]

Symptoms such as pain or fatigue will be considered to affect a claimant's ability to perform work activities only if medical signs or laboratory findings establish the presence of a medically determinable impairment that could reasonably be expected to produce the alleged symptoms.[78] During the second step of this assessment, the ALJ must determine whether the claimant's statements regarding the intensity,

---

[75] *Chandler v. Comm'r of Soc. Sec.,* 667 F.3d 356, 363 (3d. Cir. 2011) (referencing 20 C.F.R. §404.1529(a) ("statements about your pain or other symptoms will not alone establish that you are disabled").
[76] 20 C.F.R. §§ 404.1529, 416.929; SSR 16–3p.
[77] SSR 16-3p.
[78] 20 C.F.R. §§ 404.1529(b), 416.929(b); SSR 16–3p.

persistence, or limiting effects of his or her symptoms are substantiated considering the entire case record.[79]  This includes, but is not limited to, medical signs and laboratory findings; diagnoses; medical opinions provided by treating or examining sources and other medical sources; and information regarding the claimant's symptoms and how they affect his or her ability to work.[80]

The Social Security Administration recognizes that individuals may be limited by their symptoms to a greater or lesser extent than other individuals with the same medical impairments, signs, and laboratory findings.[81]  Thus, to assist in the evaluation of a claimant's subjective symptoms, the Social Security Regulations set forth seven factors that may be relevant to the assessment of the claimant's alleged symptoms.[82] These factors include: the claimant's daily activities; the "location, duration, frequency, and intensity" of the claimant's pain or symptoms; the type, dosage, and effectiveness of medications; treatment other than

---

[79] 20 C.F.R. § 404.1529(c), 416.929(c); SSR 16–3p.
[80] *Id.*
[81] SSR 16-3p.
[82] 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

medications; and other factors regarding the claimant's functional limitations.[83]

### D.    The ALJ's Decision is Supported by Substantial Evidence.

Our review of the ALJ's decision denying an application for benefits is significantly deferential.  Our task is simply to determine whether the ALJ's decision is supported by substantial evidence in the record; that is "only— 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"[84]  Judged against this deferential standard of review, we conclude that substantial evidence supported the ALJ's decision in this case.

Moyer's brief in support is less than a model of clarity, but we have identified three cognizable claims of error therein: (1) the ALJ failed to consider Moyer's impairments in combination; (2) the ALJ erred in discounting Moyer's reported symptoms as described in her testimony, and; (3) the ALJ erred in failing to consider the medical records underlying by the VA's conclusion that Moyer is disabled under their

---

[83] *Id.*

[84] *Biestek*, 139 S. Ct. at 1154.

standards.[85] Any other grounds for appeal are waived as they were either not made or not sufficiently articulated.[86]

Moyer first alleges that that her impairments "were not addressed in combination and [were] not considered by the ALJ [,] resulting in a directed 'Unfavorable' decision."[87] But the ALJ clearly stated that she "considered all the claimant's medically determinable impairments, including those that are not severe, when assessing the claimant's residual functional capacity."[88] The decision explicitly references Moyer's medical records and the effects of her impairments in both the ALJ's assessment of the record and her crafting of the RFC.[89] Moyer points to no specific error by the ALJ in this argument and instead references a list of her impairments and asks the court to "consider these impairments

---

[85] Doc. 11 at 12-13.

[86] Moyer's brief seems to allege other errors, mostly in the "questions of law" section, but these are offered without evidentiary support. *See Groff v. Kijakazi*, No. 20-cv-6040, 2022 WL 17083647 at *5 (E.D. Pa., Nov. 17, 2022) ("It is necessary to demonstrate, not just assert, that the ALJ erred. Demonstration calls for careful citation to the evidence, not just a conclusory assertion that leaves the judge to search through 1,000 pages of records to see if the assertion is so.").

[87] Doc. 11 at 12.

[88] Tr. 49.

[89] Tr. 53-61.

22

along with having the ability to have a service dog accompanying claimant [.]"[90] We read this as a request to reweigh the evidence, which as we have explained, we cannot do.[91] Accordingly, we conclude that the ALJ's decision adequately considered Moyer's impairments, singularly and in combination, and is supported by substantial evidence.

Moyer next argues that the ALJ failed to credit Moyer's statements about her symptoms. She claims the ALJ abused her discretion in failing to recognize that Moyer's testimony, if credited, established that she cannot perform the jobs identified by the VE, and also established the paragraphs "B" and "C" criteria necessary to demonstrate disability by way of the Commissioner's listings.[92]

We conclude the ALJ followed the guidelines discussed above. She determined that Moyer's alleged symptoms were "not entirely consistent with the medical evidence [,]"[93] then explained how the relevant period of alleged disability narrowed her consideration of the medical records,

---

[90] Doc. 11 at 12.

[91] *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011).

[92] Doc. 11 at 12-13.

[93] Tr. 54.

23

and noted that two state agency physical assessments found insufficient evidence to support any significant limitations.[94]  She then detailed how she assessed the evidence of migraines and lower back pain, tachycardia, spinal imaging and assessments, physical therapy, mental health, and psychological treatment records, explaining that all of that information belied the limitations that Moyer expressed in her testimony.[95]  This is sufficient for us to say substantial evidence supported this conclusion.

Finally, we interpret Moyer's last argument to allege that the ALJ failed to consider evidence underlying the disability finding made by the VA.[96]  Moyer does not identify any specific record, impairment, or symptom that the ALJ allegedly overlooked.  But the plaintiff's records from the VA are contained in the transcript, and all but two exhibits are explicitly discussed in the ALJ's decision.[97]  Without a more specific allegation of error, we conclude that the ALJ's decision sufficiently

---

[94] *Id.*

[95] Tr. 55-57.

[96] Doc. 11 at 13.

[97] Exhibits 8F and 9F are the only VA records the ALJ did not discuss. 8F is a "health summary" listing Moyer's treating facilities and diagnosed health problems, and 9F, similarly, lists every appointment, diagnoses, and prescription Moyer had with the VA.

considered the evidence underlying the VA decision and is therefore supported by substantial evidence.

Given that the ALJ considered all the evidence and adequately explained the decision for including or discounting certain limitations as established by the evidence, we find no error with the decision. Therefore, under the deferential standard of review that applies to appeals of Social Security disability determinations, we conclude that substantial evidence supported the ALJ's evaluation of this case, and this decision will be affirmed.

## IV.  Conclusion

For the foregoing reasons, the decision of the Commissioner in this case will be affirmed, and the plaintiff's appeal denied.

An appropriate order follows.


*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge

Dated May 19, 2026.


25